**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CELENA SPENCER, | : |
| Plaintiff, | :    **Civil Action No. 23-21680 (JXN) (AME)** |
| v. | : |
| PARSIPPANY-TROY HILLS TOWNSHIP SCHOOL DISTRICT, | :    **OPINION** |
| Defendant. | : |

**NEALS**, District Judge:

This matter comes before the Court on Defendant Parsippany-Troy Hills Township School District's ("Defendant's") motion to dismiss Plaintiff Celena Spencer's ("Plaintiff's") first amended complaint (ECF No. 9) (the "Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10). Plaintiff opposed (ECF No. 12) ("Pl.'s Opp."), and Defendant replied (ECF No. 13) (the "Reply"). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1331, 1367, and 1391, respectively. The Court has carefully considered the parties' submissions and decides this matter without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss (ECF No. 10) is **GRANTED** in part and **DENIED** in part. Counts Two, Three, and Four are **DISMISSED** without prejudice. Plaintiff has 30 days to file a motion for leave to amend. If Plaintiff fails to do so, dismissal may be converted to **with prejudice**.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges that she is "a Black woman" whom Defendant "discriminated" and "retaliated" against "because of her race" and "for engaging in protected conduct [] in violation

of" New Jersey's Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.*, and 42 U.S.C. §§ 1981, 1983.[1]  (Am. Compl. ¶¶ 1, 9).  Plaintiff worked as a high school "Assistant principal" for Defendant in "the 2021-2022 school year."  (*Id.* ¶¶ 9, 11, 17).  "Plaintiff's supervisor was" Principal Keith Bush ("Bush") and Defendant's "Superintendent of Schools was Barbara Sargent" ("Sargent").  (*Id.* ¶¶ 12, 15).

At first, Bush and Sargent "were very complimentary of Plaintiff's job performance."  (*Id.* ¶ 21).  Bush told Plaintiff that she "was so good she would be running the [High] School one day." (*Id.* ¶ 22).  However, that "changed" after Plaintiff informed Defendant of "a series of events involving racial issues" at the school.  (*Id.* ¶ 23).  Specifically: (1) reporting a complaint to Bush, which Plaintiff received as "founder of" the High School's "Diversity Equity Inclusion and Access ('DEIA') Committee[,]" concerning the removal of an "image of the head of a Native American individual[;]" (2) reporting "Black students' complaints to Bush" regarding "White students []" using the 'n' word" at the school; and (3) reporting an incident between Bush and a "Black special education student" to the "school resource officer" where "Bush confronted" the student and got into the student's "face, while Plaintiff was present."  (*Id.* ¶¶ 24-25, 32-33, 35, 44-45, 47, 51-53).

On May 6, 2022, Defendant "notified Plaintiff [that] it was not going to renew her [contract] for the following school year" that runs from 2022-2023.  (*Id.* ¶ 10).  Bush explained that her "contract was not renewed because" she did not "keep in contact with the English second language supervisor" and "mishandle[d] a situation" involving a student making "an inappropriate video."  (*Id.* ¶¶ 61, 66).

On October 31, 2023, Plaintiff filed her initial complaint.  (ECF No. 1).  On January 2, 2024, Defendant filed a motion to dismiss (ECF No. 4), which the undersigned administratively

---

[1] The following factual allegations are taken from the Amended Complaint that are accepted as true.  *Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 262 n.27 (3d Cir. 2010).

terminated for failure to comply with the Court's Individual Rules and Procedures concerning dispositive motion practice.  (ECF No. 5).  On January 4, 2024, Defendant requested a pre-motion conference (ECF No. 6), which Plaintiff opposed.  (ECF No. 7).  On January 12, 2024, the Court granted Plaintiff leave to file an amended complaint.  (ECF No. 8).

On January 19, 2024, Plaintiff filed the Amended Complaint alleging the four causes of action: (i) race discrimination under LAD (Count One); (ii) retaliation under LAD (Count Two); (iii) race discrimination for failure to train and/or supervise and a policy and custom under § 1983 (Count Three); and (iv) retaliation for failure to train and/or supervise and policy and custom under § 1983 (Count Four).  On February 1, 2024, Defendant filed the pending motion to dismiss (ECF No. 10), which Plaintiff opposed (ECF No. 12), to which Defendant replied.  (ECF No. 13).  This matter is now ripe for consideration.

## II.        <u>LEGAL STANDARD</u>

Rule 8 requires that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide the defendant with "fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations and ellipses omitted).  On a Rule 12(b)(6) motion, the "facts alleged must be taken as true" and dismissal is not appropriate where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits."  *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted).  A complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In analyzing the sufficiency of a complaint, the Third Circuit requires that courts engage in a three-part inquiry: (1) recite the elements that must be pled in order to state a claim; (2)

determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) "assume the[] veracity" of well-pleaded factual allegations and ascertain whether they plausibly "give rise to an entitlement for relief." *Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (citations omitted).

## III.    DISCUSSION

Defendant argues that the Amended Complaint should be dismissed because it does not allege facts to support Plaintiff's causes of action. (ECF No. 10-3 ("Def.'s Br."), at 3).[2]  Plaintiff opposes. (Pl.'s Opp. at 11-18). The Court agrees in part.

### A.    Plaintiff Pleads a Plausible LAD Race Discrimination Claim (Count One)

To state an LAD claim for "discriminatory discharge," Plaintiff must allege "(1) that [she] is in a protected class; (2) that [she] was otherwise qualified and performing the essential functions of the job; (3) that [she] was terminated; and (4) that [Defendant] thereafter sought similarly qualified individuals for that job." *Victor v. State*, 203 N.J. 383, 409 (2010) (citation omitted). Here, the Amended Complaint sufficiently alleges a LAD race discrimination claim.

It is undisputed that Plaintiff belongs to a protected class (prong one). *Compare* (Def.'s Br. at 5); *and* (Am. Compl. ¶¶ 9, 82). Plaintiff also alleges that Defendant did not renew Plaintiff's contract for the 2022-2023 academic year (prong three). (Am. Compl. ¶¶ 10, 84). Plaintiff further alleges Defendant "sought similarly qualified individuals" for her role as assistant principal. (Am. Compl. ¶ 74). This satisfies prong four, which "require[s] only that the plaintiff show that the employer continued to seek out individuals with similar qualifications . . . under circumstances that raise an inference of unlawful discrimination." *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 n.7 (3d Cir. 2003) (citation omitted). Thus, prongs one, three, and four are met.

---

[2] The Court refers to the ECF page numbers.

As to prong two, Defendant argues Plaintiff "was not performing her job at a level that met her employer's legitimate expectations which resulted in her non-renewal." (Def.'s Br. at 5). Specifically, Plaintiff did not "keep in contact with the English second language supervisor" and "mishandle[d] a situation" involving a student making "an inappropriate video." (*Id.* ¶¶ 61, 66). However, Defendant's factual assertions have no bearing on whether Plaintiff has sufficiently pled allegations that plausibly "give rise to an entitlement for relief." *Santiago*, 629 F.3d at 130.

In support of this element, Plaintiff alleges that "Bush asked Plaintiff to work on" the DEIA Committee, which was "created" after she began working for Defendant. (Am. Compl. ¶¶ 24, 26, 28). Further, that Bush and Sargent complimented Plaintiff on her "job performance[,]" with Bush telling her that she "was so good she would be running the School one day." (*Id.* ¶¶ 21-22). The Court finds these facts are not conclusory and merit an assumption of truth to defeat the motion. *Santiago,* 629 F.3d at 130 (citations omitted); *see also Taylor v. Lincare, Inc.*, No. 15-6284, 2016 WL 3849852, at *4 (D.N.J. July 15, 2016) (finding "the absence of allegations regarding whether Plaintiff was performing the essential functions of the job, and the fact that Plaintiff did not possess the CDL," determinative in failing to plead this prong).

Moreover, Defendant's reliance on *Erickson v. Marsh & McLennan Co., Inc.*, 117 N.J. 539, 550 (1990), which discusses the burden-shifting test articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), is misplaced because the Court does not weigh the evidence on a motion to dismiss. *See Johnson v. N.J. State Bd. of Cosmetology and Hairstyling*, No. 21-10429, 2022 WL 645518, at *2 (D.N.J. Mar. 4, 2022) (citation omitted). The same holds true for Plaintiff's retaliation claim. (Def.'s Br. at 15); *see also Reyes v. McDonald Pontiac GMC Truck, Inc.*, 997 F. Supp. 614, 619 (D.N.J. 1998) (citation omitted). Accordingly, the motion to dismiss Count One is denied.

**B.**     **Plaintiff Fails to Plead a Plausible LAD Retaliation Claim (Count Two)**

To state an LAD claim for retaliation, Plaintiff must allege that "(1) [she] was in a protected class; (2) [she] engaged in protected activity known to" Defendant; "(3) [she] was thereafter subjected to an adverse employment consequence; and (4) [] there is a casual link between the protected activity and the adverse employment consequence." *Victor*, 203 N.J. at 409 (citations omitted). Because prong one is undisputed, and the Amended Complaint alleges Defendant did not renew Plaintiff's employment contract (prong three) (*see Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 288 (3d Cir. 2001) ("[R]ecommend[ing] not to retain" plaintiff "qualif[ies] as an adverse employment action"),[3] the Court starts and ends its analysis at prong two.

Plaintiff alleges the following protected activities: "reporting a teacher's complaint about discriminatory Native American iconography in the building; reporting Black students' complaints about racial slurs made by White students; reporting Bush's confrontation with a Black special needs student; and supporting Black students' efforts to form" a black students' organization "to address racial issues at Defendant." (Am. Compl. ¶ 83). Defendant argues these facts are not protected activities. (Def.'s Br. at 10-14). The Court agrees.

Protected activities include "oppos[ing] any practices or acts forbidden under this act . . . ." N.J.S.A. 10:5-12(d). Plaintiff contends that "an employee voic[ing] a complaint about behavior or activities in the workplace that he or she thinks are discriminatory" is also a protected activity. (Pl.'s Opp. at 11) (quoting *Battaglia v. United Parcel Serv., Inc.*, 214 N.J. 518, 548 (2013)). "[F]iling a complaint" is indeed a protected activity. *Cohen v. BH Media Grp., Inc.*, 419 F. Supp. 3d 831, 861 (D.N.J. 2019) (internal quotation marks and citations omitted); *see also Woods-Pirozzi*

---

[3] Defendant argues that Plaintiff fails to sufficiently allege this prong because she does not allege: (i) "she was disciplined or reprimanded[;]" (ii) "further communication between her and Principal Bush regarding" Plaintiff's alleged protected activities; and (iii) "alleges nothing else" besides her non-renewal. (Def.'s Opp. 11-14). However, Defendant does not dispute that its failure to renew Plaintiff's contract is sufficient to meet this prong.

*v. Nabisco Foods*, 290 N.J. Super. 252, 275 (N.J. Sup. Ct. App. Div. 1996).  However, "[t]o be considered [a] protected activity, an employee's complaint must concern discrimination" and "must be more than a general complaint of unfair treatment."  *Cohen*, 419 F. Supp. 3d at 861 (internal quotation marks and citations omitted).

In *Cohen*, the court concluded that Plaintiff did not engage in a protected activity when he "object[ed]" to "his girlfriend" being "allott[ed]" a "more favorable assignment" because the complaint "did not concern discrimination[.]" *Id.* at 861.  The Court explained that "[a]t no point did Plaintiff complain she was given less favorable assignments because she was a woman[,]" and "[r]ather, her objection was a general complaint of what she subjectively viewed as unfair treatment."  *Id.* at 861.  Thus, "Plaintiff did not engage in protected activity under the NJLAD when she [merely] questioned supervisor and employee relationships."  *Id.* at 861.  On the other hand, the court found Plaintiff's "complaints that the Press' Dress Policy was 'sexist' toward women," qualified as protected activity.  *Id.* at 862.

Here, Defendant contends "Plaintiff did not *independently* complain of or object to any alleged discriminatory conduct" and only "relayed the complaints of third parties to her supervisor."  (Reply at 13) (emphasis added).  The Court agrees.  For example, Plaintiff's allegation of contacting "the school resource officer to report" Bush's interaction with a "Black special education student . . ." (Am. Compl. ¶¶ 51, 53) without more appears to be part of Plaintiff's job and constitutes "a general complaint of unfair treatment."  *Cohen*, 419 F. Supp. 3d at 86. Indeed, Plaintiff offers no rebuttal for Defendant's assertion that the activities alleged are part of her job.  (*See, gen.*, Pl.'s Opp.).

Plaintiff relies on *Lippman v. Ethicon, Inc.*, 222 N.J. 362 (2015) and *Dillin v. Constr. & Turnaround Servs., LLC*, No. 14-8124, 2015 WL 5545236 (D.N.J. Sept. 18, 2015) for the

proposition that "reporting" the alleged actions is "protected conduct" because "New Jersey courts have rejected similar arguments . . . ." (Opp. at 12). However, the cases are distinguishable because these findings were limited to claims under the Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.*, and not LAD. *See Lippman*, 222 N.J. at 387 ("[W]e find no support in CEPA's language, construction, or application . . . that supports" plaintiffs being "stripped of whistleblower protection as a result of their position or because they are performing their regular job duties."); *Dillin*, 2015 WL 5545236, at *6 ("Court rejects Defendants' argument that Plaintiff's CEPA claim is barred because it arises out of his duty to report failed alcohol tests."). Accordingly, the motion to dismiss is granted, and Count Two is dismissed without prejudice.

**C.    Plaintiff Fails to Plead the § 1983 Failure to Train and/or Supervise and Policy or Custom Claims (Counts Three and Four)**

**1.    The Pleading Does Not Sufficiently Allege a Policy or Custom**

"A plaintiff seeking to hold a municipality [or School District] liable under section 1983 must demonstrate that the violation of rights was caused by the municipality's policy or custom." *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014) (citation omitted). Such liability "only attaches when the execution of a government's policy or custom . . . inflicts the injury." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (internal quotation marks and citation omitted). Policy and custom allegations are analyzed separately.

Policy "exist[s] when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Bielevicz*, 915 F.2d at 850 (internal quotation marks and citations omitted). Custom is demonstrated "by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* at 850 (internal quotation marks and citations omitted). To show either policy or custom, "a plaintiff must show that an official who

has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Id.* at 850 (internal quotation marks and citation omitted).

Here, the pleading fails to sufficiently allege a policy or custom.  In the Amended Complaint, Plaintiff alleges Defendant's policy and custom consist of: (1) "discriminating against Black employees because it failed to hire and/or retain Black employees[;]" (2) "failing to address complaints about discrimination made by Plaintiff, teachers and students[;]" (3) "retaliating against employees who engaged in protected conduct . . . ."  (Am. Compl. ¶¶ 76-78).

However, Plaintiff does not identify the "official" or "decisionmaker" who created the policy or permitted the custom.  *See Bielevicz*, 915 F.2d at 850; *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009).  Further, Plaintiff does not allege any of Defendant's policies to trigger liability.  *See Geissler v. City of Atl. City*, 198 F. Supp. 3d 389, 396 (D.N.J. 2016) ("To satisfy the pleading standard, a plaintiff must identify a custom or policy, and specify what exactly that custom or policy was in the complaint.") (internal quotation marks, brackets, and citation omitted).  Finally, the pleading fails to allege "a link between the challenged restriction and a municipal decisionmaker . . . ."  *McTernan*, 564 F.3d at 659 (internal quotation marks and citations omitted); *see also Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019).  Thus, the policy and custom allegations are conclusory and without factual support.  Accordingly, Counts Three and Four are dismissed without prejudice to the extent they rely on a policy or custom.

> ## 2. The Amended Complaint Does Not Sufficiently Allege Deliberate Indifference to Support the Claim for Failure to Train

"Where the policy concerns a failure to train or supervise municipal [or School District] employees, liability under section 1983 requires a showing that the failure amounts to deliberate indifference to the rights of persons with whom those employees will come into contact." *Thomas*, 749 F.3d at 222 (internal quotation marks and citations omitted).  The "pleading requirements are

different for failure-to-train claims" as a plaintiff "need not allege an unconstitutional policy." *Estate of Roman*, 914 F.3d at 798 (citation omitted).  Instead, a plaintiff "must demonstrate that a city's failure to train its employees reflects a deliberate or conscious choice." *Id.* at 798 (internal quotation marks and citation omitted).

To state a claim, Plaintiff must "sufficiently plead[] deliberate indifference by showing that (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* at 798 (internal quotation marks, brackets, and citations omitted).

Here, Plaintiff alleges Defendant "failed to train or supervise its employees regarding discrimination and retaliation in the workplace . . . ." (Am. Compl. ¶ 79).  And that "Defendant's failure to train or supervise its employees was a direct or proximate cause of the adverse employment actions taken against Plaintiff . . . ." (Am. Compl. ¶ 80).  These are conclusory allegations that do not meet the pleading standard.   Plaintiff does not allege who the policymaker is, and what, if anything, he, or she did or failed to do that violated Plaintiff's rights. *Janowski v. City of North Wildwood*, 259 F. Supp. 3d 113, 128-29 (D.N.J. 2017).  Consequently, Plaintiff does not sufficiently allege deliberate indifference.   Accordingly, Counts Three and Four are also dismissed without prejudice on a failure-to-train theory.

## IV.      <u>CONCLUSION</u>

For the reasons set forth above, Defendant's motion to dismiss (ECF No. 10) is **GRANTED** in part and **DENIED** in part.

DATED: 7/14/2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge